# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CRYSTAL NICOLE JONES,<br><br>    **Plaintiff,**<br><br>    v.<br><br>KANSAS STATE BOARD OF NURSING, et al.,<br><br>    **Defendant.** | Case No. 18-2175-JAR-KGG |

## MEMORANDUM AND ORDER

Plaintiff Crystal Jones is a former nurse who alleges equal protection and due process claims against the Kansas State Board of Nursing ("KSBN") arising out of the revocation of her nursing license. This matter comes before the Court on Magistrate Judge Kenneth Gale's Report and Recommendation of Dismissal (Doc. 6), Plaintiff's Objection and Memorandum to Recommendation for Dismissal (Doc. 8) thereto, and Plaintiff's Motion to Proceed with Trial and Memorandum (Doc. 7). These matters are fully briefed and the Court is prepared to rule. For the reasons explained below, the Court adopts the Report and Recommendation, overrules Plaintiff's Objections, and denies Plaintiff's Motion to Proceed with trial.

## I. Factual Allegations

The following facts are taken from Plaintiff's Complaint (Doc. 1) and documents in Exhibit 1 attached to her Complaint.[1] Plaintiff was employed at a methadone clinic, Matrix, that treats patients for opioid addiction. On January 22, 2015, Plaintiff's supervisor, Steve Kamu,

---

[1] *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) ("In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also *attached exhibits*, and documents incorporated in to the complaint by reference. [T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.") (emphasis added).

1

brought lunch to Matrix employees. On January 26, 2015, Kamu received a call that a long line had formed outside Matrix because methadone was being dispensed at an unusually slow pace. Plaintiff was responsible for dispensing methadone that day. Kamu then had all Matrix employees drug tested.

On January 28, 2015, Plaintiff's drug test came back positive for an unknown substance. A second test on January 29, 2015 came back positive for methadone and barbiturates. Plaintiff was subsequently fired from Matrix. Later on January 29, Kamu received a phone call from a Matrix patient that they were short two pills from their take-home dose.[2] Ultimately, five patients complained about having too few pills and suspected Plaintiff of stealing the missing pills.[3]

On January 30, 2015, after being confronted about her positive drug tests, Plaintiff went to the emergency room at Wesley Medical Center, where she was drug tested. That test came back negative. These events were reported to the Kansas Nurse Assistance Program ("KNAP"), which investigated Plaintiff's test results. The KNAP recommended that Plaintiff participate in a one-year monitoring program. Plaintiff refused to enroll in the program as it would require her to abstain from alcohol. The KSBN reviewed Plaintiff's situation and petitioned to revoke her nursing license. At the end of a lengthy hearing and appeals process, the KSBN revoked Plaintiff's license to practice nursing.

Plaintiff contends she was poisoned with methadone on January 22, 2015 when she got lunch from Kamu. Plaintiff claims her poisoning was racially motivated and alleges Fourteenth Amendment violations. Plaintiff filed suit in this Court and moved for leave to proceed in forma

---

[2] Doc. 1-1 at 25.

[3] *Id.*

pauperis on April 12, 2018. Judge Gale issued a Memorandum and Order granting Plaintiff's motion for leave to proceed in forma pauperis.[4] Judge Gale also screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), and issued a Report and Recommendation for dismissal because Plaintiff failed to state a claim upon which relief may be granted.

## II. Legal Standard

"[O]nce a litigant has been granted [in forma pauperis] status, the district court is required to evaluate the claims for merit."[5] When evaluating the claims under 28 U.S.C. § 1915(e)(2), "[t]he court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted."[6] When performing the evaluation, the Court applies the same standard of review as under Fed. R. Civ. P. 12(b)(6).[7]

Under Fed. R. Civ. P. 72(b)(2), a party may file written objections to a magistrate judge's proposed findings and recommendations. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."[8] Thus, in conducting a de novo review of Judge Gale's recommendations—to which Plaintiff has timely objected—the Court applies the same Rule 12(b)(6) standard employed in the § 1915(e)(2) screening process.[9]

To survive a motion to dismiss brought under Rule 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"

---

[4] Doc. 5.

[5] *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).

[6] 28 U.S.C. § 1915(e)(2).

[7] *See Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007).

[8] Fed. R. Civ. P. 72(b)(3).

[9] *Id.*

3

and must include "enough facts to state a claim for relief that is plausible on its face."[10] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[11] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[12] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[13] Finally, the court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[14]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'"[15] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[16] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[17] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[11] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[13] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[14] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[15] *Id*. (citing *Twombly*, 550 U.S. at 555).

[16] *Id.* at 678–79.

[17] *Id*. at 679.

misconduct alleged."[18] Generally, when pleading civil rights violations, plaintiffs must plead facts that show that the defendant acted with a discriminatory purpose.[19]

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[20] The Tenth Circuit interprets this rule as follows:

> We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.[21]

"The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[22] "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[23]

## III. Discussion

### A. Due Process

Plaintiff first pleads that the revocation of her nursing license in Kansas is a violation of her due process rights under the Fourteenth Amendment. "[T]he Due Process Clause provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to

---

[18] *Id.* at 678.

[19] *See Iqbal*, 556 U.S. at 677.

[20] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Herner*, 404 U.S. 519, 520-21 (1972)).

[21] *Id*.

[22] *Id*.

[23] *Id*.

5

constitutionally adequate procedures."²⁴ "An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'"²⁵ In general, "something less" than a full evidentiary hearing is sufficient prior to adverse administrative action.²⁶ Plaintiff provides no factual support in her pleading that raises a plausible inference of lack of due process in the events that led to the revocation of her nursing license. Plaintiff alleges only that her due process rights were violated "numerous times."²⁷

Attached to Plaintiff's Complaint are 43 pages of correspondence between Plaintiff and Defendant that reflect the process by which Plaintiff's license was revoked. The documents show that she received a full hearing prior to the revocation of her license, that she twice petitioned for review of the KSBN's orders, and that the KSBN fully considered her petitions.²⁸ Given the lack of any factual allegations reflecting a deprivation of due process in her Complaint, and the documents attached to her Complaint showing that the KSBN afforded her numerous opportunities to be heard, the Court finds Plaintiff's claim fails to meet the pleading standard under Rule 12(b)(6). Accordingly, the Court dismisses Plaintiff's due process claim.

**B.     Equal Protection Clause**

Plaintiff also alleges a claim for violation of her rights under the Equal Protection Clause.²⁹ The Equal Protection Clause states that no state shall "deny to any person within its

---

²⁴ *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985).

²⁵ *Id.* (*quoting Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950)).

²⁶ *Id.* (citing *Mathews v. Eldridge*, 424 U.S. 319, 343 (1976)).

²⁷ Doc. 1 at 3.

²⁸ Doc. 1-1 at 24–34 (describing evidentiary hearing, initial order revoking Plaintiff's nursing license, and Plainitff's petitions for review of orders).

²⁹Doc. 1 at 3.

jurisdiction the equal protection of the laws."[30]  "The constitutional standard under the Equal Protection Clause is whether the challenged state action rationally furthers a legitimate state purpose or interest."[31]  "[T]he essence of the equal protection requirement is that the state treat all those similarly situated similarly."[32]  As such, to state a plausible equal protection claim, a plaintiff must show that the state treats two similarly situated groups, or individuals, differently.[33]

As with her due process claim, Plaintiff alleges no facts that support a plausible equal protection claim.  She simply alleges that she is "a victim of Civil/Bill of Rights violations . . . under [the] Equal Protection clause and the 14th Amendment."[34]  The documents attached to the Complaint show that Plaintiff was afforded the right to partake in the same hearing process that all nurses in Kansas go through when facing discipline by the KSBN.  She was offered the chance to participate in a monitoring program, she had a full evidentiary hearing, and she utilized the appeals process that applies to KSBN disciplinary actions.  In addition, there is no factual support in the Complaint or documents attached thereto that show a difference in how Plaintiff's case was handled versus how any other case would be adjudicated by Defendant.  Thus, taking all facts in the Complaint and attached Exhibit as true and construing the Complaint liberally in favor of Plaintiff, the Court finds that Plaintiff fails to state a plausible equal protection claim.  Accordingly, the Court dismisses Plaintiff's equal protection claim.

---

[30] U.S. Const. amend. XIV, § 1.

[31] *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 55 (1973) (citing *McGinnis v. Royster*, 410 U.S. 263, 270 (1973)).

[32] *Powers v. Harris*, 379 F.3d 1208, 1215 (10th Cir. 2004) (quoting *Bartell v. Aurora Pub. Schs.*, 263 F.3d 1143, 1149 (10th Cir. 2001)).

[33] *Id.* at 1215.

[34] Doc. 1 at 13.

**IV.     Conclusion**

Plaintiff provides little factual support for her claims.  Rather, her Complaint includes only conclusory allegations that her rights were violated because Defendant denied her due process and equal protection under the Fourteenth Amendment.  Even under a liberal pleading standard, these allegations fall short of stating plausible claims under Rule 12(b)(6).  The documents that Plaintiff attached to her Complaint cut against her claims by showing that Plaintiff participated in a neutral hearing and appeals process prior to her license being revoked and thus she received an opportunity to present her case prior to receiving discipline.  Accordingly, the Court adopts Judge Gale's Report and Recommendation and dismisses Plaintiff's claims.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Proceed with Trial and Memorandum (Doc. 7) is **denied**.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's Objection and Memorandum to Recommendation for Dismissal (Doc. 8) is **overruled**.  The Court adopts Magistrate Judge Kenneth Gale's Report and Recommendation (Doc. 6) and dismisses Plaintiff's Complaint with prejudice.

**IT IS SO ORDERED.**

Dated: <u>August 6, 2018</u>

                                              <u>S/   Julie A. Robinson</u>
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE